IN THE SUPREME COURT OF THE STATE OF DELAWARE

COURTNEY JONES, § 
§ 
Defendant Below, § No. 19, 2021
Appellant, § 
§ Court Below—Superior Court
v. § of the State of Delaware
§ 
STATE OF DELAWARE, § Cr. ID Nos. 1705021755,
§ 1707115524, 1707018746 (N)
Plaintiff Below, § 
Appellee. § 

Submitted: March 15, 2021
Decided: April 22, 2021

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Courtney Jones, filed this appeal from a Superior Court order denying his motions for modification of sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Jones's opening brief that his appeal is without merit. We agree and affirm.

(2) On February 5, 2018, Jones resolved three criminal cases (Criminal ID Nos. 1705021755, 1707015524, and 1707018746) by pleading guilty to possession of a firearm by a person prohibited ("PFBPP"), three counts of second-degree robbery, and second-degree conspiracy. On December 14, 2018, the Superior Court

sentenced Johnson to a total of thirteen years Level V incarceration, suspended after eight years for decreasing levels of supervision. Jones did not appeal.

(3) On January 28, 2019, Jones filed a motion for sentence reduction in Cr. ID Nos. 1705021755 and 1707015524. In the motion, Jones stated that he was not requesting a ruling, but filing the motion within the 90-day time period under Superior Court Criminal Rule 35(b) so that he could file an additional motion at a later point in time. According to the docket, the Superior Court denied the motion as moot.

(4) On March 7, 2019, Jones filed a motion for sentence modification in Cr. ID No. 1705021755. In the motion, Jones stated that he was not presently seeking a ruling on the motion and wished the Superior Court to acknowledge that he had filed a timely motion for sentence modification. The Superior Court ruled that no action would be taken on the motion.

(5) In December 2019 and January 2020, Jones filed requests in Cr. ID Nos. 1705021755 and 1707015524 for sentence reduction. On March 17, 2020, the Superior Court denied the requests, finding they were untimely and that Jones had failed to establish extraordinary circumstances. On April 24, 2020, Jones filed a motion for reconsideration/sentence modification in Cr. ID Nos. 1705021755, 1707015524, and 1707018746. He filed additional requests for reduction of his sentence in May 2020 and July 2020.

2

(6)     On December 21, 2020, the Superior Court denied Jones's motions. The Superior Court held that the motions were untimely, failed to establish extraordinary circumstances, and were repetitive. This appeal followed.

(7)     We review the Superior Court's denial of a motion for sentence reduction for abuse of discretion.[1] To the extent the claim involves a question of law, we review the claim *de novo*.[2] Rule 35(b) provides that a motion for sentence reduction that is not filed within ninety days of sentencing will only be considered in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217. Section 4217 permits sentence modification if the Department of Correction ("DOC") files an application for good cause shown (such as serious medical illness) and certifies that the offender does not constitute a substantial risk to the community or himself. Rule 35(b) also provides that the Superior Court will not consider repetitive motions for sentence reduction.

(8)     In his opening brief, Jones argues that his motions are not time-barred because he filed placeholder motions for sentence reduction within ninety days of sentencing. He also argues that his sentence should be reduced based on his remorse, lack of habitual offender status, and the COVID-19 pandemic. These arguments are

---

[1] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).

[2] *Id.*

without merit.

(9) As the Superior Court recognized, Jones could not avoid the ninety-day time period in Rule 35(b) by filing a placeholder motion within the ninety-day period and then filing a motion with the substantive grounds for relief after the ninety-day period had expired. Jones cites no authority in support of his position, which is contrary to the plain language of Rule 35(b).[3] Thus, the Superior Court did not err in concluding that Jones's motions for sentence reduction filed more than ninety days after the imposition of his sentence were untimely and repetitive.

(10) Nor did the Superior Court err in finding that Jones failed to show extraordinary circumstances warranting reduction of his sentence. Jones's remorse and lack of habitual offender status do not constitute extraordinary circumstances under Rule 35(b). As to COVID-19, an application by DOC under § 4217 is the proper vehicle for relief should Jones's personal health warrant sentence

---

[3] Rule 35(b) provides in relevant part that:

The court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed. This period shall not be interrupted or extended by an appeal, except that a motion may be made within 90 days of the imposition of sentence after remand for a new trial or for resentencing. The court may decide the motion or defer decision while an appeal is pending. The court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217. The court will not consider repetitive requests for reduction of sentence.

modification.[4]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[4] *See, e.g., Johnson v. State*, 2020 WL 5626231, at *2 (Del. Sept. 18, 2020) (affirming the Superior Court's denial of a motion for sentence modification in which the defendant argued that his medical conditions and potential exposure to COVID-19 constituted extraordinary circumstances under Rule 35(b) because § 4217 was the statutory vehicle for medical modification of a sentence).